## COMMONWEALTH *vs.* ROBERT G. PROCTOR.

Suffolk. March 11, 1907. — May 13, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Larceny.* *Evidence*, Presumptions and burden of proof, Proof of negative fact.

At the trial of an indictment for larceny of a sum of money which the defendant was alleged to have received as the contribution of a donor to the campaign fund of a political State committee, the donor testified that he handed the money to the defendant in the corridor of the rooms of the committee and the defendant testified that he turned it over to the committee through some one "competent to receive it." There was evidence of circumstances from which it might be inferred that if the defendant failed to turn over the money his retention of it was for the purpose of embezzling it, and the principal question in dispute was whether the defendant turned over the money to the committee as he testified that he did. The Commonwealth called as witnesses thirty-four members of the committee who were all the members except four who it was agreed would testify to the same effect, and also called the chairman, the secretary and treasurer, the chairman of the finance committee, the bookkeeper, the messenger and the stenographers of the committee, and in all of their testimony there was no trace of the receipt of this money from the defendant nor any evidence of any knowledge of it by any member of the committee or by any of their clerks or agents. It appeared that in the year following the political campaign, after the defendant had been called upon to account for the money, he wrote a letter to the chairman of the committee saying that the donor gave him some money for the campaign the year before, that he did not remember the exact sum, and that it was turned over to the committee through the chairman or the secretary, he forgot which. Both the chairman and the secretary testified that they had no recollection in regard to the receipt of any money from the defendant, although neither of them testified positively that he did not

---

* On May 24, 1906.

receive it. The government introduced evidence, as tending to contradict the admission by these witnesses of the possibility of having received the money, that each of them testified before the grand jury that he had not received the money. The secretary testified that from time to time he sent to the clerk who kept the account for the committee at the bank a record of the contributions received by him. This clerk, having refreshed his recollection by an examination of his entries, testified that there was nothing in his memoranda which made him think that he had received any money from the defendant for the campaign in question. Some of the witnesses declined to swear positively that they did not receive any money from the defendant, but it appeared that seemingly friendly relations existed between the defendant and some of these witnesses. The defendant testified that this was the only time that he ever received a contribution for the committee, that it was a roll of bills which he did not count, although the donor stated the amount of it, that he never made any memorandum of it, that in the offices of the committee he handed the money over to some one there at the time competent to receive it, stating that it was a contribution from the donor, and that he could not say to whom he gave it. In cross-examination he testified that he could not say that the chairman of the committee or the secretary was there. There was evidence of circumstances tending to impeach the credibility of the defendant's testimony in regard to his disposition of the money. *Held,* that the case involved questions of fact which the presiding judge had no right to decide and which were proper for the consideration of the jury, and that the judge was right in refusing to rule that there was no evidence on which the jury would be authorized to find a verdict of guilty.

KNOWLTON, C. J.  This is an indictment for the larceny of $225 in money which the defendant is alleged to have received from one Bestgen, in the autumn of 1904, as his contribution to the campaign funds of the republican State committee, and to have promised to turn over to the committee. The defendant contends that there was no evidence to warrant a verdict of guilty, and the exception is to the submission of the case to the jury on the evidence.

Bestgen testified to having handed the money to the defendant in the corridor of the rooms of the committee, and the defendant admitted the receipt of it, and testified that he turned it over to the committee through some one " competent to receive it." The principal question in dispute at the trial was whether he turned it over, as he testified. There was testimony of circumstances from which the jury well might infer that, if he failed to turn it over, it was from a criminal purpose to embezzle it. The Commonwealth called many witnesses, including thirty-four members of the republican State committee, with all the leading officers, — the chairman, secretary and treasurer, the

chairman of the finance committee, the bookkeeper, messenger and stenographers. There were four other members of the committee who did not respond, and it was agreed at the trial that, if they were present, each of them would testify that he received no money from the defendant for the committee and had no knowledge of the receipt of any from him by it. From all this testimony there was no trace of the receipt of this money from the defendant, nor any evidence of any knowledge of it by any member of the committee, or by any of its clerks or agents. The defendant wrote to the chairman of the committee a letter, dated December 4, 1905, saying that Bestgen gave him some money for the campaign the year before, that he did not remember the exact sum, and that it was turned over to the committee through the chairman or the secretary, he forgot which. This letter was written after the defendant had been called to account for the money. Both the chairman and secretary testified that they had no recollection in regard to the receipt of any money from the defendant, although neither of them testified positively that he did not receive it. As tending to contradict the testimony of the chairman, which admitted the possibility of his having received it, a letter was introduced in which he wrote, " So far as I know, no such contribution was ever received," and there was evidence that, before the grand jury, he gave an absolute answer in the negative to the question whether he received from Mr. Bestgen any money in 1904, and a like answer to the question whether he knew of Mr. Proctor's turning over to anybody connected with the republican State committee $225, or some amount, in the year 1904. For a similar purpose evidence was introduced that the treasurer of the committee gave like positive answers to similar questions before the grand jury, his answers at the trial not excluding the possibility of his having received this money. The clerk who kept the account for the committee at the bank, having refreshed his recollection by an examination of his entries, testified that there was nothing in his memoranda that made him think he received any money from the defendant in the autumn of 1904. The secretary of the committee testified that, from time to time, he sent to this clerk, who kept the account, a record of the contributions received by him.

In connection with the fact that no trace was found of any money having ever come into the hands of the committee from the defendant, although some of the witnesses declined to swear positively that they did not receive any, the jury well might consider the seeming friendly relations between some of these witnesses and the defendant. They also might consider the probability or improbability of the truth of the defendant's statement as to the disposition of the money. He testified that this was the only time that he ever received a contribution for the committee; that it was a roll of bills which he did not count, although Bestgen stated the amount of it; that he never made any memorandum of it; that, in the offices of the committee, he "handed the money over to some one who was there at the time, competent to receive it, stating that it was a contribution from Bestgen; that he could not say to whom he gave it." In cross-examination he testified that he could not say that the chairman of the committee or the secretary was there, or who was there except the messenger, Senator Lodge and himself.

There were many circumstances testified to from which inferences could be drawn by the jury, bearing upon the credibility of the defendant's testimony in regard to the disposition of the money. The testimony that Bestgen was seeking an appointment in the consular service of the United States, and that the defendant was in a position where it was supposed that he could render him valuable assistance in obtaining an appointment, may have been thought of significance by the jury, in connection with the other evidence. The appearance of the witnesses in testifying might be considered, as bearing upon their credibility. The case involved questions of fact which the judge had no right to decide, and which were proper for the consideration of the jury.

The ruling that there was no evidence upon which the jury would be authorized to find a verdict of guilty, was rightly refused.

*Exceptions overruled.*

*H. Parker & J. W. McAnarney*, for the defendant.

*M. J. Dwyer*, Assistant District Attorney, for the Commonwealth.